**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**COYNE INTERNATIONAL ENTERPRISES CORP.
d/b/a COYNE TEXTILE SERVICES,**

                       **Plaintiff,**

    vs.                                       5:13-cv-821
                                              (MAD/TWD)

**MYLAN PHARMACEUTICALS, INC.,**

                       **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **THE WOLFORD LAW FIRM, LLP**<br>16 East Main Street<br>600 Reynolds Arcade Building<br>Rochester, New York 14614<br>Attorneys for Plaintiff | **MICHAEL R. WOLFORD, ESQ.**<br>**VICTORIA S. GLEASON, ESQ.**<br>**LAURA A. MYERS, ESQ.** |
| **GOLDBERG SEGALLA LLP**<br>8 Southwoods Boulevard<br>Suite 300<br>Albany, New York 12211<br>Attorneys for Defendant | **LATHA RAGHAVAN, ESQ.** |
| **PIETRAGALLO GORDON ALFANO<br>BOSICK & RASPANTI, LLP**<br>1 Oxford Centre, 38th Floor<br>301 Grant Street<br>Pittsburgh, Pennsylvania 15219<br>Attorneys for Defendant | **PETER S. WOLFF, ESQ.**<br>**WILLIAM A. PIETRAGALLO, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action on July 11, 2013. *See* Dkt. No. 1. On December 11, 2013, Plaintiff filed an amended complaint alleging causes of action for breach of contract, conversion, unjust enrichment, and damages under the Uniform Commercial Code ("UCC"). *See*

Dkt. No. 28 ("Amended Complaint"). Currently before the Court is Defendant's motion to dismiss Plaintiff's conversion, unjust enrichment, and UCC claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 33.

## II. BACKGROUND[1]

Plaintiff Coyne International Enterprises Corp. is a privately-owned uniform rental company which rents, leases, sells, and launders textile products. *See* Amended Complaint ¶ 2. In September 2004, Plaintiff entered into a written service agreement with Defendant Mylan Pharmaceuticals, Inc. pursuant to which Plaintiff would provide Defendant with various items. *See id.* ¶ 8. Several addendums were added to the agreement in 2007, and the parties subsequently amended the agreement several times in 2011 and 2012. *See id.* ¶¶ 11, 13. The original agreement together with the addendums and amendments constitutes the final agreement between the parties. *See id.* ¶ 13; *see also* Dkt. No. 39 at 7.[2]

In or about November 2012, Defendant issued a solicitation of bids for the provision of the services Plaintiff had been and still was providing pursuant to their agreement. *See* Amended Complaint ¶ 16. Plaintiff later learned from a third party in April 2013 that Defendant had chosen to hire another company to replace Plaintiff. *See id.* ¶ 18. When Plaintiff confronted two of Defendant's employees, they denied that any change in service providers had occurred. *See id.* ¶ 19. In response, Plaintiff decided to terminate the parties' agreement in accordance with the most recent amendment, which required Plaintiff to provide Defendant with thirty days' notice of its

---

[1] This background is derived from the allegations in Plaintiff's amended complaint. These allegations are presumed to be true only for the purposes of this motion, and do not constitute findings of fact by the Court.

[2] To avoid confusion, whenever the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

intent to terminate the contract. *See id.* ¶ 20. Plaintiff provided written notice and the contract was terminated on May 19, 2013. *See id.*

Upon termination of the contract, Plaintiff attempted to deliver various "buyout items" that Defendant was required to purchase under the terms of the agreement. *See id.* ¶¶ 21-30. According to the provision regarding buyout items, customers are required to purchase any specialty items that Plaintiff had in its inventory when the agreement was terminated. *See id.* ¶ 21. Defendant had previously requested changes in clothing items and had ordered special logo mats that were considered buyout items, and Plaintiff had these items in its inventory at the time that the contract was terminated. *See id.* ¶¶ 22-23. Plaintiff provided Defendant with an invoice for all these items that amounted to $564,868.86, and Plaintiff attempted to deliver the items on May 22, 2013, but Defendant refused to accept them. *See id.* ¶¶ 27-28. Defendant has not paid for or accepted these speciality items, and a one and one half percent per month late payment charge is applied for the amounts owed on these past due invoices according to the terms of the contract. *See id.* ¶ 30.

Plaintiff also alleges that Defendant is still in possession of various "non-buyout" items that belong to Plaintiff, pursuant to the terms of the contract. *See id.* ¶ 36. Specifically, Defendant is still in possession of garments, service equipment, and flat goods (*e.g.*, mats, mops, and other similar items) that would cost Plaintiff $349,758.68 to replace. *See id.* ¶ 39. Plaintiff has requested the return of these non-buyout items on two separate occasions, and despite assurances from one of Defendant's employees that arrangements for returning the items would be made, Defendant has not returned them. *See id.* ¶ 36. Since Defendant is still in possession of these items, Plaintiff provided Defendant with an invoice in the amount of $9,641.96 which represents the rental value of the items for a two-week period in May 2013, and Plaintiff alleges

that Defendant is incurring a weekly rental charge of $4,820.98 for every week thereafter until the items are returned. *See id.* ¶¶ 40-41.

Finally, Plaintiff alleges that it provided services to Defendants in May 2013 that Defendant has not paid for. *See id.* ¶ 32-34. Plaintiff provided Defendant with an invoice on May 16, 2013 for $26,690.63 that remains unpaid, and there is a one and one half percent per month late payment charge that is applied to these past due payments according to the contract. *See id.* ¶¶ 34-35.

Along with its breach of contract claim, Plaintiff also alleges causes of action for conversion, unjust enrichment, and damages for price and for non-acceptance of conforming goods under the UCC. *See id.* ¶¶ 64-80. Plaintiff seeks compensatory damages, as well as weekly rental charges, late payment fees, interest, incidental damages, and attorneys' fees. *See id.* at 15. In its motion to dismiss, Defendant argues that (1) Plaintiff's conversion and unjust enrichment claims should be dismissed because they are duplicative of its breach of contract claims; (2) Plaintiff's claim for damages under the UCC should be dismissed because the contract is not subject to the UCC; and (3) even if the contract is subject to the UCC, Plaintiff's claims for damages under the UCC are also duplicative of its breach of contract claims. *See* Dkt. No. 33-1 at 7-12.

### III. DISCUSSION

**A.     Standard of review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the

pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

**B.     Unjust enrichment**

Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because unjust enrichment claims are prohibited where the relationship between the parties is governed by an express contract. *See* Dkt. No. 33-1 at 8. Defendant asserts that "when, as here, a contract is alleged to govern the subject matter at issue between the parties, a claim for unjust enrichment fails as a matter of law." *Id.* at 7.

To assert a viable claim for unjust enrichment under New York law, a claimant must allege facts establishing: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotations omitted). Under New York law, there can be no cause of action for unjust enrichment when there is a valid contract governing the same subject matter between the parties. *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (1987). "[T]he existence of a valid and binding contract governing the subject matter at issue in a particular case does act to preclude a claim for unjust enrichment even against a third party non-signatory to the agreement." *Network Enters., Inc. v. Reality Racing, Inc.*, No. 09 Civ. 4664, 2010 WL 3529237, *7 (S.D.N.Y. Aug. 24, 2010) (quoting *Law Debenture v. Maverick Tube Corp.*, No. 06 Civ. 14320, 2008 WL 4615896, *12 (S.D.N.Y. Oct. 15, 2008) (collecting cases)). "Courts have permitted pleading in the alternative in the face of a written agreement, however, when there is a dispute as to the agreement's validity or enforceability." *Air Atlanta Aero Engineering Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 195 (S.D.N.Y. 2009) (citations omitted).

The Federal Rules of Civil Procedure permit alternative pleading at this stage of the litigation. *See* Fed. R. Civ. P. (8)(d) ("[a] party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones"). Thus, "at this early stage of the litigation, it is reasonable to permit plaintiffs to plead unjust

6

enrichment claims in the alternative to their breach of contract claims." *Casey v. Citibank*, 915 F. Supp. 2d 255, 265 (N.D.N.Y. 2013) (citation omitted). Further, there is a dispute as to whether certain claims are within the scope of the contract, so Plaintiff may be able to recover damages through its unjust enrichment claim that are separate from its breach of contract damages. *See Sforza v. Health Ins. Plan of Greater N.Y., Inc.*, 210 A.D.2d 214, 215 (2d Dept. 1994) (holding that "because where, as here, there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quantum meruit as well as contract, and will not be required to elect his or her remedies") (citation omitted).

As such, Plaintiff is allowed at this early stage in the proceedings to plead both unjust enrichment and breach of contract claims. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's unjust enrichment claim.

**C.     Conversion**

Defendant similarly argues that Plaintiff's conversion claim should be dismissed because it is redundant of Plaintiff's breach of contract claim. *See* Dkt. No. 33-1 at 6-7. Defendant cites *Fraser v. Doubleday & Co. Inc.*, 587 F. Supp. 1284 (S.D.N.Y. 1984) to support this assertion, which held that "[u]nder New York law, a claim for conversion cannot be predicated on a mere breach of contract." *Id.* at 1288.

As discussed above with respect to Plaintiff's unjust enrichment claim, at this stage of the litigation alternative pleading is permissible under the Federal Rules. Moreover, the damages Plaintiff seeks for the "non-buyout" goods that are still in Defendant's possession may be separate from the damages Plaintiff can recover in its breach of contract action, as Defendant has denied liability under the contract for damages relating to several of these goods. *See* Dkt. No. 39 at 10.

7

Since these goods allegedly belong to Plaintiff and Plaintiff may not be able to recover them through the breach of contract action, Plaintiff's conversion claim survives Defendant's motion to dismiss. *See generally Global View Ltd. Venture Capital v. Great Central Basin Exploration, LLC.*, 288 F. Supp. 2d 473, 479 (S.D.N.Y. 2003) ("'[i]nterference with a right of possession is the essence of conversion'") (quotation omitted).

In light of the foregoing, Defendant's motion to dismiss Plaintiff's conversion claim is denied.

**D.     Plaintiff's UCC claims**

Plaintiff claims that Defendant is liable for damages for price under the UCC and damages for Defendant's non-acceptance of conforming goods under the UCC. *See* Amended Complaint ¶¶ 71-80. Plaintiff argues that pursuant to N.Y. U.C.C. §§ 2-606 and 2-607, it can recover the price of the goods that were accepted by Defendant and still remain in Defendant's possession. *See* Amended Complaint ¶¶ 72-74. Plaintiff similarly argues that pursuant to N.Y. U.C.C. §§ 2-703 and 2-709, it can recover the price of the conforming goods in Plaintiff's possession that Defendant has rejected. *See* Dkt. No. 28 ¶¶ 76-80. Defendant contends that Plaintiff's UCC claims should be dismissed because the contract is not subject to the UCC as it is a contract for services and not goods, and that Plaintiff's UCC claims are also duplicative of its breach of contract claims. *See* Dkt. No. 33-1 at 10-13.

"In determining whether a contract is for the sale of goods, and thus covered by the UCC, it is necessary to look at the essence or main objective of the parties' agreement." *Dynamics Corp. of America v. International Harvestor Co.*, 429 F. Supp. 341, 346 (S.D.N.Y. 1977) (internal quotations and footnote omitted). "[I]f there is a factual question as to whether a contract is in essence one for services or one for the sale of goods, it is appropriate to hold a hearing on the

8

question, not to dismiss the complaint on motion." *Levin v. Hoffman Fuel Co., a Div. of Chevron, U.S.A., Inc.*, 94 A.D.2d 640, 641 (1st Dept. 1983) (citation omitted).

In the present matter, contrary to Defendant's contentions, whether the contract is governed by the UCC is a factual question that cannot be decided at this stage in the litigation. *See id.* More than half of the damages Plaintiff seeks are from "buyout" goods that Defendant has failed to pay for. *See* Amended Complaint ¶¶ 21-30; *see also* Dkt. No. 39 at 17. These goods make up a significant portion of the contract and of the damages that Plaintiff seeks to recover. *See id.* As such, there are still questions of fact as to whether the contract is one for goods or services, and thus whether it is governed by the UCC.

Defendant also contends that Plaintiff's UCC claims are redundant of its breach of contract claims, and, therefore, should be dismissed. *See* Dkt. No. 33-1 at 12-13. As previously mentioned, Plaintiff is allowed to plead in the alternative at this early stage of litigation, particularly because it is yet to be determined if the UCC governs the contract.

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's claims under the UCC.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 33) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 18, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge